# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    Beary Good, Inc.,

        Debtor.

Chapter 11 - Sub-chapter V

Tax I.D. No. 46-2663903

Case No.: 1-24-10579-CLB

Assigned Judge: Carl L. Bucki

## *Amended* NOTICE OF MOTION OF THE DEBTOR FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL

    PLEASE TAKE NOTICE, the Debtor-in-Possession, Beary Good, Inc. (the "Debtor"), through its proposed counsel, Michael A. Weishaar, Esq. has filed a Motion of the Debtor for Interim Use Cash Collateral and Seeking Entry of an Order Establishing Dates for a Hearing on Final Authority to Use Cash Collateral, dated May 30, 2024 (the "Motion").

    PLEASE TAKE FURTHER NOTICE, that a hearing on said application will be held *on* June 3, 2024 at 10:00 am before the Honorable Carl L. Bucki, United States Bankruptcy Judge, in the courtroom usually occupied by him at the United States Bankruptcy Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, 5th Floor - Orleans Courtroom, Buffalo, NY 14202.

    PLEASE TAKE FURTHER NOTICE that, to appear for the Motion parties have the option to appear in person at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, 5th Floor−Orleans Courtroom, Buffalo, NY 14202 OR BY TELEPHONE CONFERENCE. to access the Telephone Conference System, parties should dial: 571−353−2301. When prompted for the 'Number you wish to Dial' enter: 483077448#. When prompted for the 'Security Pin' enter: 9999#.

    PLEASE TAKE FURTHER NOTICE that, anyone objecting or responding to the relief sought in the Motion must be present at any scheduled hearing.

    PLEASE TAKE FURTHER NOTICE that, if you do not object to the relief sought in the Motion, then no other action is required by you.

    PLEASE TAKE FURTHER NOTICE that, after notice and a hearing, should the Motion be sustained, the Debtor shall submit to the Court an order substantially in the form of the proposed order annexed to the Motion, which order the Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that, the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

DATED:   May 30, 2024
         Buffalo, New York

                                        _____
                                        Michael A. Weishaar, Esq.
                                        Attorney for Debtor
                                        930 Convention tower
                                        Buffalo, New York 14202
                                        (716) 845-6446

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    Beary Good, Inc.,

        Debtor.

Chapter 11 - Sub-chapter V

Tax I.D. No. 46-2663903

Case No.: 1-24-10579-CLB

Assigned Judge: Carl L. Bucki

**MOTION OF THE DEBTOR FOR INTERIM AUTHORITY TO USE
CASH COLLATERAL AND SEEKING ENTRY OF AN ORDER ESTABLISHING
A DATE FOR A FINAL HEARING THEREON**

    The Debtor-in- Possession, Beary Good, Inc. (the "Debtor"), by its proposed attorneys, Gleichenhaus, Marchese & Weishaar, PC, hereby moves this Court for an Order, pursuant to the Bankruptcy Code Section 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to use cash collateral in which KeyBank, N.A. ("Key"), the U.S. Small Business Administration (the "SBA"), and the NYS Dept. of Taxation & Finance ("NYS" and, together with Key and the SBA, the "Secured Creditors"), have or alleges to have lien(s) or security interest(s), all as set forth more fully below.

    Through this Motion, the Debtor requests entry of an order, substantially in the form of that filed and served herewith authorizing the Debtor's interim use of cash collateral, in accordance with the proposed budget filed and served herewith as Exhibit "A", a proposed Order authorizing the Debtor's interim use of cash collateral and scheduling a time for a final hearing in this matter is filed and served herewith as Exhibit "B". At the Final Hearing the Debtor intends to seek the entry of a final Order, substantially in the form of that being filed and served herewith as Exhibit "C", authorizing the Debtor's ongoing use of cash collateral.

    The Debtor further moves this Court for an Order authorizing its interim use of cash collateral, to permit it to meet the costs of overhead, operations and preservation of the Secured Creditors' collateral, pending interim and final hearings in this matter, and granting replacement rollover liens to Secured Creditors, effective as of the May 23, 2024 filing of this case, to the extent of cash collateral actually used. Additionally, the Debtor requests that this Court enter an order establishing the date for a final hearing(s) in this matter. In support of this Motion, the Debtor states as follows:

1. The Debtor is a privately-owned corporation, in which 100% of the stock is owned by its Principal, with its primary place of business in Depew New York and its principal assets located in Erie County. The Debtor is in the business of owning and operating a restaurant and activities incidental thereto.

2. The Debtor filed an *ex-parte* Emergency Motion of the Debtor for Interim and Final Authority to Use Cash Collateral and Seeking Entry of an Order Establishing Dates for Hearings Thereon and Prescribing Appropriate Notice Thereof, dated May 24, 2024 (the "Emergency Motion"), but as of the date of this motion, has been unsuccessful assembling the necessary parties to appear at an emergency hearing.

3. Given the necessity of meeting payroll and rent obligations, out of an abundance of caution, the Debtor filed an *ex-parte* Application for an Order (Bankruptcy Rule 9006 and 9007) Shortening and Limiting Notice and Scheduling an Expedited Hearing for Debtor's Request for Interim Authority to Use Cash Collateral, dated May 30, 2024 (in the event that he could not achieve the relief south in the Emergency Motion.

4. Pursuant to the schedules the Debtors assets are valued at $23,845.00 and is subject to a first priority blanket security interest in favor of KeyBank, N.A. ("Key"), in the approximate amount of $19,975.00.

5. The Debtor acquired the KeyBank loan as an operating line of credit circa 2014.

6. Pursuant to the schedules the Debtors authorized a blanket security interest in favor of Alden State Bank; however, upon further research it would appear that said security interest was not subject of continuation and **lapsed** circa July 9, 2018.

7. Pursuant to the schedules a second priority blanket security interest in favor of the Small Business Administration (the "SBA"), in the approximate amount of $86,765.00.

8. The Debtor acquired the SBA loan as part of the Covid-Pandemic Disaster Recovery program.

9. Pursuant to the schedules the NYS Dept. of Taxation and Finance ("NYS" and together with Key and the SBA "Secured Creditors") filed Tax Warrants in 2024 in the amounts of $6,347.30 (January 1, 2024) and $4,258.32 (February 28, 2024).

10. The Debtor has an immediate need to utilize cash and receipts to pay necessary expenses relating to its business operations in order to prevent the occurrence of immediate and irreparable harm to those operations.

11. The following creditors may assert a perfected security interest in cash collateral:

**_Lapsed UCC_**
Alden State Bank
UCC Financing Statement filed: July 9, 2013
UCC Filing No.: 201307098280138
UCC Lapse date: July 9, 2018
Outstanding Indebtedness: $300,000.00 (approx.)

**_Perfected UCC_**
KeyBank National Association
UCC Financing Statement filed: October 23, 2014
UCC Filing No.: 201410238420197
Continuations filed circa April 23, 2019 & April 23, 2024
UCC Lapse date: October 23, 2029
Outstanding Indebtedness: $19,975.00 (approx.)

**_Perfected UCC_**
U.S. Small Business Administration
UCC Financing Statement filed: March 9, 2021
UCC Filing No.: 202103095379727
UCC Lapse date: March 9, 2026
Outstanding Indebtedness: $135,290.00 (approx.)

**_Perfected Tax Warrant(s)_**
NYS Dept. of Taxation & Finance
Tax Warrants filed: January 24, 2024 & February 28, 2024
Outstanding Indebtedness: $18,000 (approx.)

12. The Debtor requires use of cash collateral for those expenses projected in the budget annexed hereto as Exhibit "A".

13. Through this motion, the Debtor seeks the authorization for leave to use the cash collateral of the Secured Creditors to continue operations of the Debtor as a going concern.

14. Authorization of the usage of cash collateral as proposed by the Debtor would allow for the continuation of the Debtor's operations without interruption, which preserves the collateral of the Secured Creditors.

15. As adequate protection to the Secured Creditors the Debtor proposes to give "rollover" replacement liens on the same types and kinds of property on which the creditor(s) assert liens pre-petition, to the extent of cash collateral actually used.

16. The Debtor's counsel has not had the opportunity, prior to the Filing, to communicate with counsel for Secured Creditors regarding these offers of adequate protection but will attempt to do so in advance of the initial hearing on this motion.

17. Additionally, the Debtor requests that this Court authorize the interim usage of cash collateral, pending the date of a final hearing in this matter.

18. Furthermore, the Debtor requests that this Court enter an order establishing dates for an interim and a final hearing and prescribing that it will be deemed good and sufficient service of this motion if the Debtor serves copies of this Order and the Debtor's moving papers upon the Secured Creditors, the Office of the United States Trustee and the Debtor's twenty largest unsecured creditor via either delivery of copies of same by First Class Mail delivered to the Postmaster on the date said forth on the Order.

19. A copy of the Debtor's proposed Orders granting interim, and final usage of cash collateral are attached herewith as Exhibit "B" & "C".

WHEREFORE, the Debtor requests that the Court grant its motion, establishing dates for interim and final hearings regarding the usage of cash collateral, and that it authorize the interim use of cash collateral described above until such time as a final hearing in this matter may be held, that it establish dates for and prescribe notice for such final hearing, as set forth more fully above, and that it grant to the Debtor such other and further relief as this Court deems just and proper.

DATED: May 30, 2024  Yours, etc.,
Buffalo, New York  GLEICHENHAUS, MARCHESE & WEISHAAR, PC

By:
Michael A. Weishaar, Esq.,
Attorneys for Debtor
930 Convention tower
43 Court Street
Buffalo, New York 14202
Phone: (716) 845-6446

# EXHIBIT A

**60 Day Cash Flow/ Budget Analysis**
**Beary Good, Inc.**

| | Week 1 Week Ending 5/31/2024 | Week 2 Week Ending 6/7/2024 | Week 3 Week Ending 6/14/2024 | Week 4 Week Ending 6/21/2024 | Week 5 Week Ending 6/28/2024 | Week 6 Week Ending 7/5/2024 | Week 7 Week Ending 7/12/2024 | Week 8 Week Ending 7/19/2024 | Week 9 Week Ending 7/26/2024 |
|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Position** | 350 | 288 | 806 | 1,617 | 1,985 | 2,280 | 2,445 | 2,100 | 1,509 |
| **Customer Receipts:** | 6,350 | 7,590 | 8,310 | 7,520 | 8,230 | 9,010 | 8,150 | 8,920 | 8,070 |
| **Cost of Goods Sold** | 2,024 | 2,090 | 2,160 | 2,190 | 2,630 | 3,160 | 3,220 | 3,860 | 3,940 |
| **Total Cash Receipts** | 4,326 | 5,500 | 6,150 | 5,330 | 5,600 | 5,850 | 4,930 | 5,060 | 4,130 |
| Paypal expenses | 310 | 370 | 410 | 371 | 410 | 450 | 407 | 450 | 407 |
| Wages | 2,250 | 2,690 | 2,950 | 2,670 | 2,920 | 3,200 | 2,896 | 3,170 | 2,869 |
| Payroll Taxes | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 |
| Office Supplies | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Automobile Expense | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 |
| Business Licenses & Permits | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Advertising and Promotion | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 |
| Bank expenses | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Insurance | 80 | 80 | 80 | 80 | 80 | 80 | 80 | 80 | 80 |
| Postage and Delivery | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Computer Supplies & Software | 80 | 80 | 80 | 80 | 80 | 80 | 80 | 80 | 80 |
| Subscriptions Software | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| Payroll Service Expense | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| Merchant Service Fees | 130 | 160 | 180 | 163 | 180 | 200 | 181 | 200 | 181 |
| Bookkeeping | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| Legal | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| Rent / CAM | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 |
| Utilities | 320 | 382 | 418 | 378 | 414 | 453 | 410 | 449 | 406 |
| Drawer reconciliation | 10 | 12 | 13 | 12 | 13 | 14 | 13 | 14 | 13 |
| Sub-Chapter V Fees | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 |
| **Total Cash Disbursements** | 4,388 | 4,982 | 5,339 | 4,962 | 5,305 | 5,685 | 5,275 | 5,651 | 5,244 |
| **Total Ending Cash** | 288 | 806 | 1,617 | 1,985 | 2,280 | 2,445 | 2,100 | 1,509 | 395 |

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re<br><br>**Beary Good, Inc.,**<br><br>Debtor. | Chapter 11 - Sub-chapter V<br><br>Tax I.D. No. 46-2663903<br><br>Case No.: 1-24-10579-CLB<br><br>Assigned Judge: Carl L. Bucki |

### INTERIM ORDER AUTHORIZING THE CONTINUED USE OF CASH COLLATERAL AND ESTABLISHING DATE FOR FINAL HEARING ON DEBTOR'S MOTION FOR LEAVE TO USE CASH COLLATERAL

This matter having come before this Court upon the motion of the Debtor-in-Possession, Beary Good, Inc. (the "Debtor"), seeking the entry of interim and final orders, pursuant to Bankruptcy Code Section 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to use cash collateral in which KeyBank, N.A. ("Key"), the Small Business Administration (the "SBA"), and the NYS Dept. of Taxation and Finance ("NYS" and together with Key and the SBA "Secured Creditors") have or allege to have lien(s) or security interest(s) and seeking a determination of this Court that the Debtor's proposed use of that cash collateral will not otherwise modify the rights of the Secured Creditors' current rights and that Secured Creditors' collateral is adequately protected (the "Cash Collateral Motion"),

AND, this matter having come before this Court for an interim hearing on June 3, 2024 on notice in accordance with this Court's May 30, 2024 order establishing dates for hearings; and after hearing oral argument and due deliberation thereon, the Court authorized the interim use of cash collateral upon the terms and conditions set forth below;

NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby

ORDERED that, the Debtor is hereby authorized and permitted to use cash collateral on an emergency basis until the time of an interim hearing on the Debtor's Cash Collateral Motion in which the Secured Creditors have or claim to have lien(s) or security interest(s); and it is

ORDERED, that as emergency adequate protection to the Secured Creditors, the Secured Creditors are hereby granted "rollover" replacement liens in post-petition assets of the Debtor of the same relative priority and on the same types and kinds of collateral as it possessed pre-petition, as the same may ultimately be determined, to the extent of cash collateral actually used, effective as of the dates of the filings of these cases, without the necessity of any further public filing or other recordation to perfect such liens or security interests; and it is

ORDERED, that nothing contained in this Order shall be deemed to constitute either a finding by this Court that those liens to be provided pursuant to this Order are themselves sufficient to adequately protect the Secured Creditors' secured claims, and the entry of this Order is without prejudice to the Secured Creditors rights to oppose further use of cash collateral or, alternatively, asserting that it is entitled to additional adequate protection of its secured claims, and the entry of this Order is without prejudice to the rights of the Debtor or any other party seeking to challenge the secured status of the Secured Creditors, or to assert that the Secured Creditors' claims are less than fully secured, that the Secured Creditors should be entitled to different protections of its claims; and it is

ORDERED, that an interim hearing on the Debtor's Cash Collateral Motion will be held on June 3, 2024 at 10:00, before the Hon. Carl L. Bucki, in the courtroom usually occupied by him, at the United States Bankruptcy Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, 5th Floor - Orleans Courtroom, Buffalo, NY 14202; and it is

ORDERED, that a final hearing on the Debtor's Cash Collateral Motion will be held on June 17, 2024 at 10:00 a.m., before the Hon. Carl L. Bucki, in the courtroom usually occupied by him, at the United States Bankruptcy Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, 5th Floor - Orleans Courtroom, Buffalo, NY 14202.

ENTER:

                                  Hon. Carl L. Bucki
                                  U.S. Bankruptcy Judge

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

---

In re

      **Beary Good, Inc.,**

                  **Debtor.**

---

Chapter 11 - Sub-chapter V

Tax I.D. No. 46-2663903

Case No.: 1-24-10579-CLB

Assigned Judge: Carl L. Bucki

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND ESTABLISHING DATE FOR FURTHER HEARING ON DEBTOR'S MOTION FOR LEAVE TO USE CASH COLLATERAL**

---

      This matter having come before this Court upon the motion of the Debtor-in-Possession, Beary Good, Inc. (the "Debtor"), seeking the entry of interim and final orders, pursuant to Bankruptcy Code Section 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to use cash collateral in which KeyBank, N.A. ("Key"), the Small Business Administration (the "SBA"), and the NYS Dept. of Taxation and Finance ("NYS" and together with Key and the SBA "Secured Creditors") have or allege to have lien(s) or security interest(s), all as set forth more fully below and seeking a determination of this Court that the Debtor's proposed use of cash collateral will not otherwise modify the rights of the Secured Creditors' current rights and that Secured Creditors' collateral is adequately protected (the "Cash Collateral Motion"),

      AND, this matter having come before this Court for an interim hearing on June 3, 2024, on notice in accordance with this Court's May 30, 2024 order establishing dates for hearings, and this Court having at that time granted the Debtor interim use of cash collateral, pending the time of a final hearing, AND, this matter having come before this Court for a final hearing on June 17, 2024, on notice in accordance with this Court's May 30, 2024 order on Application to Shorten time,

      NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby

      ORDERED, that the Debtor is hereby authorized and permitted to use cash collateral until the Secured Creditors request that this Court rule otherwise; and it is

ORDERED, that as adequate protection to the Secured Creditors, the Secured Creditors are hereby granted "rollover" replacement liens in post-petition assets of the Debtor of the same relative priority and on the same types and kinds of collateral as they possessed pre-petition, as the same may ultimately be determined, to the extent of cash collateral actually used, effective as of the date of the filing of this case, without the necessity of any further public filing or other recordation to perfect such liens or security interests; and it is

ORDERED, that nothing contained in this Order shall be deemed to constitute either a finding by this Court that those liens to be provided pursuant to this Order are themselves sufficient to adequately protect the Secured Creditors' secured claims, and the entry of this Order is without prejudice to the Secured Creditors' rights to oppose further use of cash collateral or, alternatively, asserting that they are entitled to additional adequate protection of its secured claims, and the entry of this Order is without prejudice to the rights of the Debtor or any other party seeking to challenge the secured status of the claims of the Secured Creditors, or to assert that the Secured Creditors' claims are less than fully secured, that the Secured Creditors should be entitled to lesser payments or protections as adequate protection of its claims.

ENTER: _____
                        Hon. Carl L. Bucki
                        U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    Beary Good, Inc.,

              Debtor.

Chapter 11 - Sub-chapter V

Tax I.D. No. 46-2663903

Case No.: 1-24-10579-CLB

Assigned Judge: Carl L. Bucki

## AFFIRMATION OF SERVICE

      The undersigned, Jamie Symack hereby affirms under penalty of perjury, that deponent is not a party to this action and is over eighteen years of age; that on the _____ day of May, 2024 deponent served copies of the Order (Bankruptcy Rule 9006 and 9007) Shortening and Limiting Notice and Scheduling an Expedited Hearing for Debtor's Request for Interim Authority to Use Cash Collateral and the *Amended* Notice of Motion of the Debtor for Interim and Final Authority to Use Cash Collateral, by electronic service via the Court's CM/ECF system, as applicable, and pursuant to rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, by Overnight Mail, to the following:

    Alden State Bank                                     *via* Overnight mail
    Attn: Steve Woodard, President or CEO
    13216 Broadway St
    Alden, NY 14004

    KeyBank National Association                *via* Overnight mail
    Attn: Christopher M. Gorman, President or CEO
    127 Public Sq
    Cleveland, OH 44114

    U.S. Small Business Administration           *via* Overnight mail
    409 3rd St., SW
    Washington, DC 20416

    NYS Dept. of Taxation & Finance             *via* Overnight mail
    Office of Counsel
    77 Broadway
    Buffalo, New York 14203

   and I caused to be served copies of the Motion to Parties-in-Interest and the top 20 unsecured creditors via USPS First Class Mail, to the following:

  Office of the United States Trustee
  300 Pearl Street, Suite 401
  Buffalo, New York 14202

  Michael Brummer
  168 Farber Lane
  Williamsville, NY 14221

  Amex
  Po Box 981540
  El Paso, TX 79998

  Capital One
  Attn: Bankruptcy
  Po Box 30285
  Salt Lake City, UT 84130

  Elan Financial
  P.O. Box 790408
  Saint Louis, MO 63179

  Lending Club Bank
  Attn: Bankruptcy
  595 Market Street, Suite 200
  San Francisco, CA 94105

  SHERIDEV, LLC
  570 Delaware Avenue
  Buffalo, NE 14202

  Synchrony/PayPal
  Attn: Bankruptcy
  Po Box 965060
  Orlando, FL 32896

and I caused to be served courtesy copies of the Motion by electronic service via the Court's CM/ECF system and/or electronic mail, to the following:

| | |
|---|---|
| Alden State Bank | *via* email c/o Peter Muth, Esq. |
| Office of The United States Trustee | *via* email |
| Michael Brummer | *via* email |
| Key Bank | *via* email c/o Dan Sarzynski, Esq. |
| Small Business Administration | *via* email c/o the US Attorney |
| NYS Dept. of Taxation & Finance | *via* email c/o Christopher Moen, Esq. |

DATED: May 30, 2024

_____

Jamie Symack